**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-02159-CMA

LAWRENCE WEBBER,

    Plaintiff,

v.

SWINERTON BUILDERS,

    Defendant.

---

**ORDER OF REMAND**

---

This matter is before the Court *sua sponte*. For the following reasons, the Court concludes that Defendant has not established subject matter jurisdiction. As such, the Court will REMAND this case to the District Court, City and County of Denver, Colorado, for further proceedings.

This is an unlawful discharge lawsuit. Plaintiff alleges he worked for Defendant as a crane operator and that, after sustaining an injury on the job, he was fired by Defendant. Plaintiff filed his lawsuit in the District Court for the City and County of Denver, Colorado, on August 7, 2009. Defendant filed a Notice of Removal on September 10, 2009. Defendant purports to remove the lawsuit to this Court under 28 U.S.C. § 1332, which provides for diversity jurisdiction.

Section 1332(a) sets forth two requirements for diversity jurisdiction. Those requirements are: (1) an "amount in controversy [that] exceeds the sum or value of

$75,000, exclusive of interest and costs" and (2) diversity of citizenship between the parties.  28 U.S.C. § 1332(a).

A removing defendant must "prove jurisdictional facts by a preponderance of the evidence."  *McPhail v. Deer & Co.*, 529 F.3d 947, 952-53 (10th Cir. 2008). Typically, a defendant can establish the amount in controversy by providing factual allegations in the notice of removal, or by citing to allegations in the complaint.  *Id.* However, with regard to jurisdictional facts, *McPhail* noted that there is little evidence that a Defendant can present at the time of removal.  Aside from the complaint and notice of removal, other potential sources of evidence include interrogatories obtained in state court before the notice of removal was filed, a proposed settlement amount, or affidavits.  *See id.* at 956.  Defendants often cite to the state court Civil Cover Sheet as evidence of the amount in controversy, as well.  However, this Court has previously addressed the evidentiary value, or lack thereof, of the state court Civil Cover Sheet in *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208 (D. Colo. 2007).  *Baker* held that the Colorado Civil Cover Sheet, by itself, does not establish the requisite amount in controversy to sustain diversity jurisdiction.  *Id.*

In this case, Plaintiff has not identified a specific amount of damages and the Court cannot discern that the amount in controversy exceeds $75,000 from the factual allegations in the Complaint.  Defendant also fails to provide allegations from which the Court may determine that the amount in controversy requirement has been satisfied in the Notice of Removal.  Likewise, Defendant has not presented any of the alternative

sources of jurisdictional evidence described in *McPhail*. Rather, Defendant relies on the state court Civil Cover Sheet submitted with Plaintiff's state court Complaint to show that the amount in controversy exceeds $75,000. However, under *Baker*, the Civil Cover Sheet is not enough. Thus, the Court concludes that Defendant's Notice of Removal does not establish the requisite jurisdictional amount by a preponderance of the evidence.

Accordingly,

This action is REMANDED to the District Court, City and County of Denver, Colorado, for further proceedings.

DATED:  September   22  , 2009

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge